<mark>

<mark>

<mark>
<mark>
<mark>

<mark>

<mark>

<mark>
<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>
<mark>

<mark>
<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>
<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>
<mark>
<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>
<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

<mark>

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DAVID MICHAEL PELLEGRINI,<br><br>　　Petitioner,<br><br>　　v.<br><br>TIM GARRETT, *et al.*,<br><br>　　Respondents. | Case No. 2:01-cv-01382-HDM-BNW<br><br>**ORDER** |

　　This habeas corpus action has been stayed since May 31, 2005, pending completion of proceedings in state court. On March 1, 2021, the petitioner, David Michael Pellegrini, filed a status report notifying this Court, for the first time, that his state court proceedings were completed over three years earlier, on January 11, 2018. *See* Status Report filed March 1, 2021 (ECF No. 131). The Court will order the stay of this action lifted and will order Pellegrini to show cause why the action should not be dismissed for failure to prosecute and/or for failure to comply with the Court's orders.

　　Pellegrini was convicted in 1987 in Nevada's Eighth Judicial District Court of burglary, attempted robbery with use of a deadly weapon, and first-degree murder with use of a deadly weapon; he was sentenced to death for the murder. Pellegrini appealed and the Nevada Supreme Court affirmed in 1988. *See Pellegrini v. State*, 104 Nev. 625, 764 P.2d 484 (1988). Pellegrini then unsuccessfully litigated two post-conviction habeas actions in state court; the Nevada Supreme Court affirmed the denial of relief in the second of those actions on November 15, 2001. *See Pellegrini v. State*, 117 Nev. 860, 34 P.3d 519 (2001).

Pellegrini initiated this action on November 21, 2001. *See* Petition for Writ of Habeas Corpus (ECF No. 1). The Court appointed attorney Patricia Erickson as counsel for Pellegrini on April 12, 2002. *See* Order entered April 12, 2002 (ECF No. 7).

On May 31, 2005, this action was stayed to allow Pellegrini to pursue certain claims in state court. *See* Order entered May 31, 2005 (ECF No. 94). In the order staying this action, the Court ordered:

> … [O]n or before September 1, 2005, Petitioner shall file and serve a status report, describing the status of his state-court proceedings. Petitioner shall thereafter file and serve a status report every 6 months (on or before the first day of March 2006, September 2006, March 2007, etc.). Respondents may file and serve a response to any such status report within twenty days after its service. Petitioner may reply within fifteen days of service of such a response.

*Id*. at 7. The Court also ordered:

> At the conclusion of Petitioner's state court proceedings, Petitioner shall, within twenty (20) days, make a motion to lift the stay in this action.

*Id*. at 6.

Erickson filed status reports on Pellegrini's behalf as ordered—albeit almost always late—until 2017; her last status report, before she stopped filing them, was filed on September 9, 2017 (ECF No. 126). Erickson did not file the status report that was due March 1, 2018 (notably, that was the first status report due after the conclusion of the state-court proceedings). Erickson did not file any further status report for Pellegrini until the Court, on February 8, 2021, ordered Pellegrini to resume filing status reports as required by the May 31, 2005, order. *See* Order entered February 8, 2021 (ECF No. 129). Furthermore, Erickson did not file, on Pellegrini's behalf, a motion to lift the stay of this action within 20 days after the completion of the state court proceedings, as was required by the May 31, 2005, order.

The status reports that Pellegrini filed through 2017 indicate that, following the stay of this action, Pellegrini initiated a further habeas action in state court; the state district court granted relief on that petition in 2007, vacated Pellegrini's death sentence, and granted him a new penalty hearing; at the new penalty hearing, Pellegrini was

sentenced, for the murder, to life in prison without the possibility of parole; an amended judgment of conviction was entered on December 20, 2010; Pellegrini appealed from the amended judgment of conviction, and the Nevada Supreme Court affirmed on October 8, 2012; Pellegrini filed a habeas petition in state court on October 3, 2013, challenging the amended judgment of conviction, that petition was denied, and Pellegrini appealed from the denial of that petition. *See* Status Reports filed from 2005 to 2017 (ECF Nos. 96, 99, 102, 104, 107, 108, 109, 110, 111, 112, 113, 115, 116, 117, 118, 119, 121, 122, 123, 124, 125, 126). Pellegrini's March 1, 2021, status report (ECF No. 131) states:

> The Nevada Supreme Court, in docket number 71479, issued an Order Affirming the judgment of the district court in denying Mr. Pellegrini's state habeas challenge to his second penalty hearing. On January 11, 2018, a remittitur was issued in the appeal.

Status Report filed March 1, 2021 (ECF No. 131).

The Court will order Pellegrini to show cause why this action should not be dismissed for failure to prosecute (*see* Fed. R. Civ. P. 41(B)(i)) and/or for failure to comply with the Court's orders (*see* Order entered May 31, 2005 (ECF No. 94)). The Court will set a schedule for Respondents to respond to Pellegrini's response to the order to show cause, and for Pellegrini to reply.

On March 1, 2021, in addition to the status report, Erickson filed a motion to withdraw from her representation of Pellegrini in this action, and for appointment of new counsel for Pellegrini. *See* Motion to Withdraw as Counsel and Request Appointment of New Counsel (ECF No. 130). Erickson's rationale for seeking to withdraw, in its entirety, is as follows: "This request is based on the fact that undersigned counsel no longer litigates federal habeas corpus cases and has not done so since 2011." *Id*. at 1. The Court will deny Erickson's motion.

///
///
///

**IT IS THEREFORE ORDERED** that the stay of this action is lifted. The Clerk of the Court is directed to administratively reopen this case.

**IT IS FURTHER ORDERED** that Petitioner will have 30 days from the date of this order to show cause why this action should not be dismissed for failure to prosecute and/or for failure to comply with the Court's orders. After Petitioner responds to this order to show cause, Respondents will have 30 days to file a response, and Petitioner will then have 15 days to file a reply.

**IT IS FURTHER ORDERED** that Patricia Erickson's Motion to Withdraw as Counsel and Request Appointment of New Counsel (ECF No. 130) is **DENIED**.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 25(d), Tim Garrett is substituted for E.K. McDaniel as the respondent warden. The Clerk of the Court is directed to update the docket to reflect this change.

DATED THIS 7th day of April, 2021.

_____
HOWARD D. McKIBBEN,
UNITED STATES DISTRICT JUDGE