UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID MICHAEL PELLEGRINI,<br><br>Petitioner,<br><br>v.<br><br>TIM GARRETT, *et al.*,<br><br>Respondents. | Case No. 2:01-cv-01382-HDM-BNW<br><br>**ORDER** |

This habeas corpus action was stayed on May 31, 2005, pending completion of proceedings in state court. On March 1, 2021, the petitioner, David Michael Pellegrini, filed a status report notifying this Court, for the first time, that his state court proceedings were completed over three years earlier, on January 11, 2018. *See* Status Report filed March 1, 2021 (ECF No. 131). Therefore, in an order filed on April 7, 2021, the Court ordered the stay of this action lifted. *See* Order entered April 7, 2021 (ECF No. 132). In that order, the Court also ordered Pellegrini to show cause why the action should not be dismissed for failure to prosecute and/or for failure to comply with the Court's orders. *See id*. Pellegrini responded to the order to show cause on May 8, 2021 (ECF No. 133). Respondents replied on June 14, 2021 (ECF No. 138). Pellegrini filed a surreply on July 7, 2021 (ECF No. 142). The Court will now order this action dismissed.

Pellegrini was convicted in 1987 in Nevada's Eighth Judicial District Court of burglary, attempted robbery with use of a deadly weapon, and first-degree murder with use of a deadly weapon, and he was sentenced to death for the murder. Pellegrini appealed and the Nevada Supreme Court affirmed in 1988. *See Pellegrini v. State*, 104 Nev. 625, 764 P.2d 484 (1988). Pellegrini then unsuccessfully litigated two post-conviction habeas actions in state court; the Nevada Supreme Court affirmed the denial

1

of relief in the second of those on November 15, 2001. *See Pellegrini v. State*, 117 Nev. 860, 34 P.3d 519 (2001).

Pellegrini initiated this action on November 21, 2001. *See* Petition for Writ of Habeas Corpus (ECF No. 1). The Court appointed attorney Patricia Erickson as counsel for Pellegrini on April 12, 2002. *See* Order entered April 12, 2002 (ECF No. 7).

On May 31, 2005, this action was stayed to allow Pellegrini to pursue certain claims in state court. *See* Order entered May 31, 2005 (ECF No. 94). In the order staying the action, the Court ordered:

> … [O]n or before September 1, 2005, Petitioner shall file and serve a status report, describing the status of his state-court proceedings. Petitioner shall thereafter file and serve a status report every 6 months (on or before the first day of March 2006, September 2006, March 2007, etc.). Respondents may file and serve a response to any such status report within twenty days after its service. Petitioner may reply within fifteen days of service of such a response.

*Id*. at 7. The Court also ordered:

> At the conclusion of Petitioner's state court proceedings, Petitioner shall, within twenty (20) days, make a motion to lift the stay in this action.

*Id*. at 6.

Erickson filed status reports on Pellegrini's behalf as ordered—albeit usually late—until 2017; her last status report, before she stopped filing them, was filed on September 9, 2017 (ECF No. 126). Erickson did not file the status report that was due March 1, 2018.[1] Erickson did not file any further status report for Pellegrini until the Court, on February 8, 2021, ordered Pellegrini to resume filing status reports as required by the May 31, 2005, order. *See* Order entered February 8, 2021 (ECF No. 129). Furthermore, Erickson did not file, on Pellegrini's behalf, a motion to lift the stay of this action within twenty days after the completion of the state court proceedings, as was required by the May 31, 2005, order.

---

[1] Notably, that was the first status report due after the conclusion of the state-court proceedings.

2

The status reports Erickson filed through 2017 indicate that, following the stay of this action, Pellegrini initiated a further habeas action in state court; the state district court granted relief on that petition in 2007, vacated Pellegrini's death sentence, and granted him a new penalty hearing; at the new penalty hearing, Pellegrini was sentenced, for the murder, to life in prison without the possibility of parole; an amended judgment of conviction was entered on December 20, 2010; Pellegrini appealed from the amended judgment of conviction, and the Nevada Supreme Court affirmed on October 8, 2012; Pellegrini filed a habeas petition in state court on October 3, 2013, challenging the amended judgment of conviction, that petition was denied, and Pellegrini appealed from the denial of that petition. *See* Status Reports filed from 2005 to 2017 (ECF Nos. 96, 99, 102, 104, 107, 108, 109, 110, 111, 112, 113, 115, 116, 117, 118, 119, 121, 122, 123, 124, 125, 126); *see also* Amended Judgment of Conviction, Exh. 1 to Respondents' Response to Petitioner's Response to Order to Show Cause (ECF No. 139-1). The status report Erickson filed on March 1, 2021 (ECF No. 131), after the Court ordered her to resume filing status reports, states:

> The Nevada Supreme Court, in docket number 71479, issued an Order Affirming the judgment of the district court in denying Mr. Pellegrini's state habeas challenge to his second penalty hearing. On January 11, 2018, a remittitur was issued in the appeal.

Status Report filed March 1, 2021 (ECF No. 131).[2]

Federal Rule of Civil Procedure 41(b) provides authority for a court to dismiss an action for failure to prosecute or failure to comply with court orders. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (court may *sua sponte* dismiss action pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute or

---

[2] On March 1, 2021, in addition to the status report, Erickson filed a motion to withdraw from her representation of Pellegrini, and for appointment of new counsel for Pellegrini. *See* Motion to Withdraw as Counsel and Request Appointment of New Counsel (ECF No. 130). Erickson's rationale for seeking to withdraw was as follows: "This request is based on the fact that undersigned counsel no longer litigates federal habeas corpus cases and has not done so since 2011." Id. at 1. The Court denied Erickson's motion to withdraw. *See* Order entered April 7, 2021 (ECF No. 132).

3

failure to comply with court orders); *see also Allen v. Calderon*, 408 F.3d 1150, 1152 n.2 (9th Cir. 2005) (acknowledging authority of district court to dismiss habeas action pursuant to Fed. R. Civ. P. 41(b) but reversing on other grounds). A court is to weigh five factors in determining whether to dismiss an action under Rule 41(b):

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642–43 (9th Cir. 2002); *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996).

In *Magwood v. Patterson*, 561 U.S. 320 (2010), the Supreme Court addressed the question whether a petitioner could file a federal habeas petition challenging an amended judgment of conviction after previously litigating a federal petition challenging the original judgment of conviction. The issue before the Supreme Court was whether such a subsequent habeas petition, after an amended judgment of conviction, was a "second or successive" petition under 42 U.S.C. § 2244(b). *Id*. at 330. The Supreme Court concluded that the petition was not second or successive because it was the first petition challenging the amended judgment of conviction. *Id*. at 342. Like the petitioner in *Magwood*, Pellegrini is no longer in custody pursuant to the original judgment of conviction, which is the judgment of conviction challenged in the habeas petition in this case. *See* Petition for Writ of Habeas Corpus (ECF No. 1). While this case was stayed, Pellegrini succeeded in obtaining an amended judgment of conviction, under which he is no longer sentenced to death. *See* Amended Judgment of Conviction, Exh. 1 to Respondents' Response to Petitioner's Response to Order to Show Cause (ECF No. 139-1). Pellegrini's habeas petition in this action does not challenge that amended judgment of conviction, under which he is currently in custody; it challenges his original 1987 judgment of conviction. Therefore, essentially, under *Magwood*, Pellegrini's challenge to the original 1987 judgment of conviction in this case is now moot.

4

So then, returning to the factors to be considered in applying Rule 41(b), and focusing on the first two of those factors: given the nearly three years that this case was inactive while Pellegrini did not file status reports or a motion to lift the stay as ordered by the Court, the public's interest in expeditious resolution of litigation and the Court's need to manage its docket weigh heavily in favor of dismissal. The sort of delay that occurred in this case cannot be countenanced by this Court.

Focusing on the third factor, the risk of prejudice to the respondents, the Court determines that, because of Pellegrini's delay, there is some risk of prejudice to the respondents if this action proceeds; however, if Pellegrini pursues a federal habeas challenge to the amended judgment of conviction, whether in this action or a new action, the question of potential prejudice to the respondents resulting from Pellegrini's delay would likely be considered in the context of the application of the statute of limitations. In this Court's view, therefore, under the circumstances, this factor weighs somewhat in favor of dismissal, but not heavily so.

As for the fourth factor, the public policy favoring disposition of cases on their merits, this factor does not weigh against dismissal of this action. As is discussed above, the habeas petition in this action challenges the original 1987 judgment of conviction, not the 2010 amended judgment of conviction under which Pellegrini is now in custody, and it is therefore essentially moot under the holding in *Magwood*. Therefore, there is no public interest in the resolution of this case on its merits.

Finally, focusing on the fifth factor, the availability of less drastic alternatives, as the petition in this case has been, for all practical purposes, mooted by the amended judgment of conviction, and because, under *Magwood*, Pellegrini may initiate a new federal habeas action challenging the amended judgment of conviction without it being considered second or successive under 42 U.S.C. § 2244(b), dismissal pursuant to Rule 41(b) is not drastic. Pelligrini will not necessarily be precluded from seeking the same habeas relief that he sought in this action in a new petition, so, ultimately, he should not be prejudiced by the dismissal of this action per se.

None of this is to say that Pellegrini will not face procedural hurdles if he initiates a new federal habeas action challenging the amended judgment of conviction. Most notably, perhaps, because of Pellegrini's delay in challenging the amended judgment of conviction in federal court, the statute of limitations may present a procedural bar. That, though, is a result of Pellegrini's delay, not the dismissal of this action.

Erickson argues that Pellegrini's response to the order to show cause should be treated as a "fictional" motion for extension of time to file the motion to lift the stay, and that she has shown excusable neglect warranting granting such motion. *See* Response to Order to Show Cause (ECF No. 133), citing *Pioneer Investment Services Co. v. Brunswick Associates. Ltd. Partnership*, 507 U.S. 380 (1993) (setting out factors to be considered in determining whether relief warranted on ground of excusable neglect). Leaving aside the fact that Erickson never filed a motion to lift the stay—the stay was lifted *sua sponte* (ECF No. 132)—Erickson's argument in this regard is not compelling. Over the course of three years, from March 2018 to March 2021, Erickson failed to file six status reports and she failed to notify the Court, by either status report or motion, as required by court order, that the state proceedings had concluded and that the stay of this action should be lifted. Erickson attributes her failure over those three years to her mother's illness and death between September and November 2017, and to her resulting depression. *See* Response to Order to Show Cause (ECF No. 133), pp. 5–8. The Court recognizes the profound effect such a personal loss can have, does not doubt that counsel was deeply affected, and sees no evidence of bad faith; however, under the circumstances—including, most importantly, the length and nature of the delay, the determination that the petition in this action does not challenge the amended judgment of conviction under which Pellegrini is held in custody, and the determination that a new habeas action challenging the amended judgment of conviction would not be second or successive under 42 U.S.C. § 2244(b)—the Court concludes that relief on account of excusable neglect is not warranted.

In short, the Court is troubled by Erickson's failure to prosecute this case and failure to comply with the Court's orders;[3] finds that the public's interest in expeditious resolution of litigation and the Court's need to manage its docket weigh heavily in favor of dismissal; finds that this action, challenging the original judgment of conviction, is moot under *Magwood*, at any rate; and determines that any habeas relief remaining available to Pellegrini with respect to the amended judgment of conviction would be available to him in a new habeas action to the same extent that it would be in this action, so that, ultimately, Pellegrini should not be prejudiced by the dismissal of this action per se.

**IT IS THEREFORE ORDERED** that this action is dismissed, pursuant to Federal Rule of Civil Procedure 41(b), on account of Petitioner's failure to prosecute and failure to comply with the Court's orders.

**IT IS FURTHER ORDERED** that, as jurists of reason would not find this ruling debatable, Petitioner is denied a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter judgment accordingly.

DATED THIS 12th day of July, 2021.

_____
HOWARD D. McKIBBEN,
UNITED STATES DISTRICT JUDGE

---

[3] The undersigned understands that Erickson is no longer receiving appointments to represent habeas petitioners in this Court.